UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMEL K. MANNING,<br><br>                              Plaintiff,<br><br>            -against-<br><br>MIGUEL A. FUENTES, JR.; BRONXCARE HEALTH SYSTEM,<br><br>                              Defendants. | 20-CV-9704 (LTS)<br><br>ORDER OF SERVICE |

Laura Taylor Swain, United States District Judge:

      Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, alleging that his employer discriminated against him based on his race. The Court construes the complaint as also asserting claims under the New York State and City Human Rights Laws. By order dated December 3, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Miguel A. Fuentes, Jr. and BronxCare Health System through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is directed to mail an information package to Plaintiff.[1]

The Clerk of Court is further instructed to issue summonses and complete the USM-285 forms with the addresses for BronxCare Health System and Miguel A. Fuentes, Jr., and deliver to the U.S. Marshals Service all documents necessary to effect service on these defendants.

SO ORDERED.

Dated:   December 9, 2020
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              United States District Judge

Copy mailed to:

Jamel K. Manning

55 West 180th Street

Apt. D6

Bronx, NY 10453

---

[1] Plaintiff has consented to receive electronic service of Court documents. (ECF No. 3.)

## DEFENDANTS AND SERVICE ADDRESSES

1. Selena E. Griffin-Mahon
   Assistant Vice President, Human Resources
   BronxCare Health System
   1276 Fulton Avenue, 6th Floor
   Bronx, NY 10456

2. Miguel A. Fuentes, Jr.
   President and Chief Executive Officer
   BronxCare Health System
   1650 Grand Concourse
   Bronx, NY 10457