UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMEL K. MANNING,

    Plaintiff,

-against-

MIGUEL A. FUENTES JR., et al.

    Defendants.



20-CV-9704 (LTS) (BCM)

**ORDER SCHEDULING PLAINTIFF's DEPOSITION FOR NOVEMBER 23, 2021**

**BARBARA MOSES, United States Magistrate Judge.**

    By Order dated October 4, 2021 (Dkt. No. 44), issued after a telephonic status conference that day, the Court (1) directed plaintiff to serve his written discovery responses, and produce documents, no later than October 18, 2021; (2) extended the deadline to complete fact discovery, including depositions, to December 3, 2021; (3) scheduled a telephonic status conference for 10:00 a.m. this morning (and directed the parties to submit a status update letter one week in advance of the conference); and (4) reminded plaintiff "that it is his obligation to prosecute his case in a timely manner, to comply with all Court orders, including those setting discovery deadlines, and to attend all court conferences and other proceedings scheduled by the Court. Should he fail to do so, the case may be dismissed, in whole or in part, pursuant to Fed. R. Civ. P. 41(b)."[1]

    The warning contained in the October 4 Order was the third such written warning that plaintiff has been given in this action. (*See* Dkt. Nos. 28, 34.) He has also been warned orally, including by this Court, about the risk of dismissal should he fail to comply with court orders, produce discovery, or attend court conferences, and he is already facing a motion to dismiss this action pursuant to Fed. R. Civ. P. 41(b), filed by defendants on August 20, 2021. (Dkt. No. 31.)

---

[1] Although plaintiff commenced this action *pro se* and *in forma pauperis*, he has received assistance from the New York Legal Assistance Group (NYLAG), which entered a limited appearance on his behalf on September 16, 2021. (Dkt. No. 35.) The Court is grateful to NYLAG for its efforts in this action and on behalf of other *pro se* litigants in this district.

In his response to the Rule 41(b) motion, filed on September 20, 2021 with the assistance of NYLAG (Dkt. No. 40), plaintiff conceded that he has "not be[en] able to meet each and every deadline," due in part to family- and job-related difficulties he has experienced in recent months; argued that although he had not been "adequately addressing the problem," he was "getting a better understanding of the court procedures" since he began receiving assistance from NYLAG; and concluded by asking the Court to consider "alternative sanctions that are less drastic than dismissal" as a remedy for his past violations.[2]

By letter dated November 8, 2021, filed in advance of today's conference, defendants' counsel reported that (a) plaintiff has never served written responses or objections to defendants' document requests (although he did email certain documents to counsel); (b) plaintiff's written interrogatory responses, served by email on October 18, 2021, were deficient in that several questions "were not answered," while some answers were "copy/pasted from other responses despite not being applicable" and others "had blank spaces that were not filled in'"; and (c) plaintiff did not respond to defendants' emails regarding these deficiencies, nor to defendants' request that plaintiff provide his availability for a deposition, nor to their request for input into the November 8 letter itself. (Dkt. No. 46.)

At 10:00 a.m. this morning, defendants appeared through counsel for the scheduled teleconference. Plaintiff did not appear. Nor did he make any request, prior to the conference, for an adjournment. During the conference, defendants' counsel confirmed that he has received no response from plaintiff to any of the emails he has sent since October 18, 2021, nor any other communication from plaintiff since that date, and requested the Court's assistance in completing discovery, including plaintiff's deposition.

---

[2] The Rule 41(b) motion remains pending before the district judge.

For the reasons stated on the record during today's conference, it is hereby ORDERED that plaintiff shall appear for deposition on **November 23, 2021**, at the time and place specified by defendants in the notice of deposition that they will serve on plaintiff today. If plaintiff is unable to appear and testify on November 23, 2021, he must contact defendants' counsel **this week** – that is, on or before **Friday, November 19, 2021** – to make alternative arrangements for the deposition to take place on a date and at a time acceptable to all parties and counsel.

**If plaintiff fails to attend his scheduled deposition without making (and honoring) alternative arrangements as specified above, defendant may seek all available sanctions, including but not limited to monetary sanctions for the costs incurred in arranging for the deposition and/or the dismissal of this action.**

It is further ORDERED that on or before **December 17, 2021**, defendants shall submit a status letter, after consultation with plaintiff, updating the Court on the progress of discovery, including plaintiff's deposition, and advising the Court as to whether any party seeks any further discovery relief.

It is further ORDERED that defendants shall serve this Order on plaintiff by email, along with their notice of deposition, at the address that plaintiff has most recently used to communicate with them; shall make reasonable efforts to advise plaintiff's limited-scope pro bono counsel of this Order and the notice of deposition; and shall filed proof of such service and efforts on the docket.

Dated: New York, New York
November 15, 2021

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**